UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| INTERFACE OPERATIONS LLC, d/b/a ADFAM<br><br>Plaintiff(s),<br><br>v.<br><br>KWAME LAUNGISA,<br><br>Defendant(s). | Case No. 2:16-CV-280 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Interface Operations LLC, d/b/a AdFam's motion for temporary restraining order (doc. #2) and motion for preliminary injunction. (Doc. #4).

**I.     Background**

On or about July 17, 2006, Kwame Luangisa was extended an offer by AdFam LLC for the position of driver for Dr. Miriam and Sheldon G. Adelson. (Doc. #2, Exh. 1). The terms of defendant's offer letter stated, among other things, that "you will not, either during or after your employment, disclose or communicate to any third party any information about their personal or business affairs, except to the extent necessary in the ordinary course of performing your duties while employed." (*Id.*) Defendant accepted and agreed to the terms and conditions of the offer letter. (*Id.*)

Shortly thereafter, defendant also signed a confidentiality agreement which stated, in relevant part:

> **Forced Disclosure**. If **Kwame Luangisa** is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process) to disclose any Information, Kwame Luangisa shall provide Employer with prompt

**James C. Mahan**
**U.S. District Judge**

> written notice of such request or requirement so that Employer may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Agreement. If, in the absence of a protective order or other remedy or the receipt of a waiver by the Employer, Kwame Luangisa nonetheless is legally compelled to disclose Information to any tribunal only that portion of the Information which he is legally required to disclose, provided that he exercises his best efforts to preserve the confidentiality of the Information, including, without limitation, by cooperating with the Employer to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded the Information by such tribunal.

(Doc. #2, Exh. 2).

Defendant also executed an acknowledgment that he received a copy of the AdFam Code of Ethics and the AdFam Handbook. (Doc. #2, Exh. 3). When he left AdFam in 2011, defendant executed and returned a separation agreement, which detailed defendant's ongoing confidentiality duties. (Doc. #2, Exh. 7).

On January 14, 2016, defendant received a subpoena for his deposition pursuant to an application for an order under 28 U.S.C. § 1782, in relation to litigation filed in the High Court of the Hong Kong Special Administrative Region (HCA 342/2013). (Doc. #2, Exh. 8). Despite receiving a subpoena for his deposition on or about January 14, 2016, Luangisa did not provide written notice in accordance with the confidentiality agreement. (Doc. #2).

Upon AdFam's information and belief, defendant has not moved for a protective order or otherwise exercised his best efforts to preserve the confidentiality of the information he obtained while employed with AdFam in accordance with the confidentiality agreement. (Doc. #2). Because defendant has previously initiated litigation against it, AdFam believes defendant plans to disclose confidential, proprietary, and secret information obtained during his employment at his deposition, which is presently scheduled for February 29, 2016, at 10:00 a.m. in New York. (*Id.*)

**II.     Legal Standard**

It is well established that a plaintiff seeking a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a likelihood of success on the merits; (2) that he is likely to suffer irreparable harm in the absence of relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).  The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and sliding scale test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131. "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135. The plaintiff "must establish that irreparable harm is likely, not just possible[.]" *Id.* at 1131.

The party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four required elements set forth above. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion") (quoting *Mazurek*, 520 U.S. at 972).

**III.  Discussion**

Before a preliminary injunction may issue, the plaintiff must show that he will suffer an irreparable injury and otherwise lacks an adequate remedy at law to prevent such injury. "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

The mere "possibility" of irreparable harm is not enough to justify a preliminary injunction. As the Supreme Court made clear in *Winter*, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." 555 U.S. at 22; *see also Alliance*, 632 F.3d at 1131 ("Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.") (emphasis omitted). The threat of irreparable harm must also be "immediate" to warrant preliminary injunctive relief. *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

**James C. Mahan**
**U.S. District Judge**

- 3 -

AdFam has not demonstrated that it pursued other legal avenues before resorting to an injunction. Despite having actual notice that a deposition of the defendant is to take place on February 29, 2016, AdFam has not sought a protective order nor attempted to intervene or obtain provisional relief in the High Court of Hong Kong litigation. A preliminary injunction should only be granted if the movant does not have an adequate remedy at law. *Stanley v. Univ. of S. Cal*, 13 F.3d 1313, 1320 (9th Cir. 1994) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07 (1959)). Without providing any showing that AdFam has pursued other available remedies at law, the court is not inclined to halt litigation proceedings under the guise of injunctive relief to preserve the status quo. *See Aronoff v. Katleman*, 75 Nev. 424, 345 P.2d 221 (1959).

Furthermore, AdFam's alleged harms are too speculative to support a finding of irreparable injury. "Speculative injury cannot be the basis for a finding of irreparable harm." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007). Although AdFam claims that any matters relating to plaintiff's employment are confidential and the "disclosure of *any* confidential information Luangisa obtained over the course of five years working for AdFam would cause irreparable harm," it does not discuss what type of information is sought, whether the information would meaningfully harm AdFam and its principals, or whether disclosure could be meaningfully narrowed at the deposition.

The forced disclosure clause in the confidentially agreement makes clear that defendant may be legally compelled to disclose certain confidential information. (Doc. #2). Furthermore, courts typically prohibit parties from invoking confidentiality agreements in order to withhold evidence. *Wild Game Ng, LLC v. IGT*, No. 63249, 2015 WL 7575352, at *3 (Nev. Nov. 24, 2015); *see, e.g., Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 923 (D .Nev. 2006) (explaining that "[confidentiality] agreements might not be enforceable [when] the agreement is being used by one party within the context of litigation to suppress an adverse party's access to evidence"); *Chambers v. Capital Cities/ABC*, 159 F.R.D. 441, 444 (S.D.N.Y. 1995); *In re JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127, 1137 (N.D.Cal.2002).

Under the agreement, defendant may be required "to disclose [i]nformation to any tribunal only that portion of the [i]nformation which he is legally required to disclose, provided that he

**James C. Mahan**
**U.S. District Judge**

exercises his best efforts to preserve the confidentiality of the [i]nformation . . . ." (*Id.*) The forced disclosure provision anticipates this precise situation. While defendant may have breached the notice provision of the agreement, he has not breach the latter, substantive portion of the agreement. AdFam has not provided any evidence other than speculation to suggest that defendant may disclose more information than legally required.

While the other factors for a preliminary injunction may tip in AdFam's favor, none outweigh AdFam's failure to demonstrate irreparable injury. AdFam has shown that it is likely to succeed on the underlying merits of the breach of contract claims because defendant was required to notify AdFam if he was subpoenaed. (Doc. #2).

Likewise, the balance of equities tips slightly in favor of AdFam, who risks overbroad disclosure of confidential information about its internal operations and the private affairs of its principals. As this is a private contract between an individual and his former employer, the public would not be adversely impacted.

However, as an "injunction is a matter of equitable discretion" and "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief," AdFam has not adequately met the irreparable injury prong necessary for the issuance of a TRO and preliminary injunction, and, therefore, its request for an injunction is denied. *Winter,* 555 U.S. at 22, 32.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that AdFam's motion for a temporary restraining order (doc. #2) and motion preliminary injunction (doc. # 4) be, and the same hereby are, DENIED.

DATED February 22, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -