UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INTERFACE OPERATIONS LLC, d/b/a ADFAM<br><br>Plaintiff(s),<br><br>v.<br><br>KWAME LAUNGISA,<br><br>Defendant(s). | Case No. 2:16-CV-280 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Kwame Luangisa's ("defendant") motion to set aside clerk's entry of default. (ECF No. 20). Plaintiff Interface Operations LLC, d/b/a AdFam ("plaintiff") filed a response (ECF No. 21), to which defendant replied (ECF No. 22).

**I.    Facts**

On February 11, 2016, plaintiff filed the underlying complaint against defendant, who was served on February 22, 2016. (ECF Nos. 1, 5). On March 1, 2016, proof of service was filed. (ECF No. 15). Defendant's answer was due on March 14, 2016.

On March 15, 2016, plaintiff filed a motion for entry of clerk's default. (ECF No. 16). Later that same day, defendant filed an answer to the complaint. (ECF No. 17). On March 16, 2016, the clerk entered default as to defendant. (ECF No. 19). Later that same day, defendant filed the instant motion to set aside clerk's entry of default. (ECF No. 20).

**II.    Legal Standard**

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." To determine if good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2)

**James C. Mahan**
**U.S. District Judge**

whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations marks omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

While the court considers the same factors prior to vacating an entry of default as it would a default judgment, the test is less stringent when a default judgment has not been entered. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Indeed, "[t]he court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

### III.  Discussion

In his motion, defendant argues that the answer was filed one (1) day late due to an inadvertent error or miscommunication regarding the date of service. (ECF No. 20). In its response, plaintiff does not object to defendant's request that default be set aside, explaining that it had received defendant's answer shortly after filing the motion for entry of clerk's default. (ECF No. 21).

In considering the three relevant factors, the court finds that good cause exists to set aside the entry of default. Moreover, plaintiff's response "requests that this [c]ourt enter an ordering setting aside the [c]lerk of the [c]ourt's entry of default." (ECF No. 21 at 6). Finally, there is a strong policy favoring the adjudication of claims on their merits instead of procedural technicalities. For these reasons, the court will set aside the clerk's default.

### IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to set aside clerk's entry of default (ECF No. 20) be, and the same hereby is, GRANTED.

DATED August 24, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**