UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INTERFACE OPERATIONS LLC,<br><br>                              Plaintiff(s),<br><br>     v.<br><br>KWAME LUANGISA,<br><br>                              Defendant(s). | Case No. 2:16-CV-280 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Interface Operations LLC's motion to dismiss. (ECF No. 51).  Defendant Kwame Luangisa filed a response (ECF No. 52), to which plaintiff replied (ECF No. 55).

Also before the court is defendant's motion for attorney's fees. (ECF No. 53).  Plaintiff filed a response (ECF No. 56), to which defendant replied (ECF No. 58).

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of actions and provides as follows:

> (1) *By the Plaintiff*.
>
>> (A) *Without a Court Order*.  Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>>
>>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>>
>>> (ii) a stipulation of dismissal signed by all parties who have appeared.
>>
>> (B) *Effect*.  Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

**James C. Mahan**
**U.S. District Judge**

> (2) *By Court Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

In the instant motion, plaintiff moves to voluntarily dismiss the instant action with prejudice. (ECF No. 51). Defendant does not oppose dismissing the action with prejudice (ECF No. 52), but requests leave to submit a memorandum of attorney's fees (ECF No. 53).

In light of the foregoing, the court will grant plaintiff's motion to dismiss the instant action with prejudice. The court will deny defendant's motion for attorney's fees as it does not comply with Local Rule 54-16(b)'s requirements for motions for attorney's fees. *See* LR 54-16(b).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to dismiss (ECF No. 51) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the instant matter *Interface Operations LLC v. Kwame Luangisa*, case number 2:16-cv-00280-JCM-CWH, be, and the same hereby is, DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that defendant's motion for attorney's fees (ECF No. 53) be, and the same hereby is, DENIED without prejudice to his ability to resubmit a motion that complies with the federal and local rules.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 38) be, and the same hereby is, DENIED as moot.

DATED March 22, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**